1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

| | |
|---|---|
| ELENA ISUPOV,<br><br>            Plaintiff,<br><br>    v.<br><br>AMERICAN RELOCATION MOVING<br>SPECIALIST,<br><br>            Defendant. | 1:11-cv-00780 LJO GSA<br><br>**ORDER DISMISSING COMPLAINT**<br>**WITH LEAVE TO AMEND**<br><br>(Document 1) |

18

## INTRODUCTION

19         On May 13, 2011, Plaintiff Elena Isupov filed a complaint in this Court.  (*See* Doc. 1.)

20   Plaintiff alleges she entered into negotiations with a moving company in order to relocate her

21   belongings from Fresno, California, to Calhoun, Tennessee.  (Doc. 1 at 1.)  On the date of the

22   move, Plaintiff contends Defendant American Relocation Moving Specialist "breach[ed] the

23   original binding estimate" and demanded additional money to complete the move.  (Doc. 1 at 1-

24   2.)  Although it appears Plaintiff paid a $500.00 deposit on the date of the move, her belongings

25   remain in the possession of Defendant.  (Doc. 1 at 5.)  Plaintiff seeks relief by way of a demand

26   "that her belongings be returned to her" or, if those belongings have been sold at auction,

27
28                                                                    1

1  monetary compensation in the sum of $100,000.00.  Plaintiff also demands that the "systematic

2  fraud conducted by the Defendant [] be halted immediately."  (Doc. 1 at 2.)

3  **DISCUSSION**

4  **A.**  ***Screening Standard***

5  "Notwithstanding any filing fee, or any portion thereof, that may have been paid," the

6  Court shall dismiss a case at any time if it determines that the action or appeal is frivolous or

7  malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

8  against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  *See also Omar v.*

9  *Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62

10  (9th Cir. 1981).

11  A complaint must contain "a short and plain statement of the claim showing that the

12  pleader is entitled to relief . . .."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

13  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

14  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing

15  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff

16  must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

17  face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations

18  are accepted as true, legal conclusion are not.  *Id*. at 1949.

19  If the Court determines that the complaint fails to state a claim, leave to amend should be

20  granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v.*

21  *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Dismissal of a pro se complaint for failure to state a

22  claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has

23  alleged and that an opportunity to amend would be futile.  *Lopez*, at 1128.

24  A claim is frivolous if it lacks an arguable basis either in law or fact.  *Neitzke v. Williams*,

25  490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  A frivolous claim is based on an

26  inarguable legal conclusion or a fanciful factual allegation.  *Id.*  A federal court may dismiss a

27

28  2

1  claim as frivolous if it is based on an indisputably meritless legal theory or if the factual

2  contentions are clearly baseless. *Id.*

3       The Court must accept as true the allegations of the complaint in question, *Hospital Bldg.*

4  *Co. V. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally

5  in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000),

6  and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

7       A pleading may not simply allege a wrong has been committed and demand relief.  The

8  underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

9  "grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v.*

10  *United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

11      **B.**    ***Rule 8(a)***

12       As Rule 8(a) of the Federal Rules of Civil Procedure states, a complaint must contain "a

13  short and plain statement of the claim."  The rule expresses the principle of notice-pleading,

14  whereby the pleader need only give the opposing party fair notice of a claim.  *Conley v. Gibson*,

15  355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an elaborate recitation of every fact a

16  plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant

17  fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 47.

18       Plaintiff will be given an opportunity to amend her complaint to comply with Rule 8(a).

19  As noted above, an elaborate recitation of the facts is not required.

20      **C.**    ***Discussion***

21       Federal courts are courts of limited jurisdiction and lack inherent or general subject

22  matter jurisdiction.  Federal courts can adjudicate only those cases authorized by the United

23  States Constitution and Congress.  Generally, those cases involve diversity of citizenship or a

24  federal question, or cases in which the United States is a party. *Kokkonen v. Guardian Life Ins.*

25  *Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct.

26  2003, 2008 (1989).  Federal courts are presumptively without jurisdiction over civil actions, and

27

28                                       3

1  the burden to establish the contrary rests on the party asserting jurisdiction.  *Kokkonen*, 511 U.S.

2  at 377.  Lack of subject matter jurisdiction is never waived and may be raised by the Court sua

3  sponte.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir.

4  1996).  "Nothing is to be more jealously guarded by a court than its jurisdiction.  Jurisdiction is

5  what its power rests upon.  Without jurisdiction it is nothing."  *In re Mooney*, 841 F.2d 1003,

6  1006 (9th Cir. 1988).

7       Plaintiff indicated on the Civil Cover Sheet filed simultaneously with her complaint that

8  she was making a "breach of moving contract" claim, but this reference is insufficient.  Plaintiff's

9  complaint is void of establishing the court's jurisdiction because she has not cited to any statutory

10  or other legal authority in the complaint to establish federal court jurisdiction.  Plaintiff must

11  clearly identify which federal constitutional and/or statutory right she alleges has been violated

12  by Defendant.

13       Assuming Plaintiff intended to bring an action against Defendant for a breach of contract

14  arising out of interstate commerce, the following information is provided.  "[T]he Carmack

15  Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to

16  deliver or damage to property."  *Hall v. North American Van Lines*, 476 F.3d 683, 688 (9th Cir.

17  2007).  The amendment limits a carrier's liability under an interstate bill of lading to "actual loss

18  or injury to the property caused by" the carrier.  49 U.S.C. § 14706(a).  A plaintiff may bring

19  such a claim in state or federal court, but the district court has original jurisdiction only where the

20  amount in controversy exceeds $10,000, exclusive of interest and costs.  *See* 49 U.S.C. §

21  14706(d)(3) & 28 U.S.C. § 1337(a).  The Ninth Circuit has described the Carmack Amendment

22  as providing "a uniform national liability policy for interstate carriers."  *Hall v. North American*

23  *Van Lines, Inc.*, 476 F.3d at 688.

24       To state a claim and establish a prima facie case of a violation of the Carmack

25  Amendment, a plaintiff must allege three elements: (1) delivery of the goods to the initial carrier

26  in good condition; (2) damage of the goods before delivery to their final destination, or failure to

27

28                                    4

1    deliver altogether; and (3) the amount of damages.  *See Beta Spawn, Inc. v. FFE Transportation*

2    *Services, Inc.*, 250 F.3d 218, 223 (3rd Cir. 2001); *see also Wright v. Neptune Society of Central*

3    *California, Inc*., 2007 WL 963302 *2 (E.D. Cal. Mar. 29, 2007).

4            Assuming Plaintiff intended to present such a claim, she has not established the first

5    element: delivery of the goods to the initial carrier.  It is unclear whether a bill of lading was

6    issued.[1]  Plaintiff has not appended a bill of lading to her complaint, nor has she referred to one

7    in the text of the complaint itself.  A bill of lading is both a receipt and a contract.  *New York*

8    *Cent. R. Co. v. Mutual Orange Distributors*, 251 F. 230 (9th Cir. 1918).

9            The Court does note that Plaintiff relies on the fact that Defendant's "**estimate was**

10   **binding**."  (*See* Doc. 1 at 1, emphasis in original.)  Although the "Revised Written Estimate"

11   appended to the complaint does not specifically indicate whether the estimate was binding or

12   non-binding (Doc. 1 at 5)[2], the Court will accept this allegation as true.  *Hospital Bldg. Co. V.*

13   *Trustees of Rex Hospital*, 425 U.S. at 740.  However, an estimate is not a bill of lading.  *See, e.g.,*

14   *Cullen v. Allied Van Lines, Inc.*, 514 F.2d 1196, 1198 (9th Cir. 1975) (bill of lading issued

15   following cost estimate).

16           Additionally, the document also expressly provides that:

17                   If non-binding, the total charges are based on the actual weight of the
                     property and may exceed the estimate subject to the 110% rule; maximum amount
18                   demanded at time of delivery is the amount of the non-binding estimate plus 10%.
                     If binding, then total amount of the binding estimate (100%) must be paid in full
19                   prior to unloading.

20   (Doc. 1 at 5.)  From the information provided to the Court - pursuant the text of Plaintiff's

21   complaint and from the exhibits appended thereto - it appears Plaintiff has only paid a $500 cash

22   deposit.  (Doc. 1.)  Therefore, if Plaintiff has not paid 100 percent (assuming the estimate was

23

24           [1]A bill of lading is a receipt for one's goods and the contract for their transportation.  Black's Law
     Dictionary defines "bill of lading" as follows: "A document acknowledging the receipt of goods by a carrier or by
25   the shipper's agent and the contract for the transportation of those goods; a document that is issued by a person
     engaged in the business of transporting or forwarding goods."  Black's Law Dictionary 188 (9th ed. 2009).

26
             [2]The document reflects the reason for the rescission of the original estimate: "Shipper moving more
27   items/weight then was first anticipated."

28                                                    5

1  binding) of the total cost of the move, it appears that Defendant may not have breached any

2  contract it had with Plaintiff.  This is so because the entire amount of the binding estimate must

3  be paid before unloading, to wit: $1,175.00.  (Doc. 1 at 4 ["service quote" of $1175.00"].)

4  Because it is unclear from the complaint whether Plaintiff in fact complied with the requirements

5  of the purportedly binding estimate, the Court will permit her to address this issue and amend her

6  complaint accordingly.

7        Notably too, it is clear that Plaintiff is displeased with Defendant's "revised written

8  estimate" wherein the original estimate was rescinded and a higher estimate for the cost of her

9  move was provided at the time of the move.  However, Plaintiff is advised that her displeasure

10  with the revised estimate does not itself state a claim.  A pleading may not simply allege a wrong

11  has been committed and demand relief.  *Conley v. Gibson*, 355 U.S. at 47-48; *Yamaguchi v.*

12  *United States Department of Air Force*, 109 F.3d at 1481.

13        Finally, Plaintiff's complaint concludes by calling for "the systematic fraud conducted by

14  the Defendant" to halt immediately.  (Doc. 1 at 2.)  Plaintiff is advised that common law fraud is

15  equally preempted by the Carmack Amendment.  *Hall v. North American Van Lines, Inc.*, 476

16  F.3d at 689.  Therefore, Plaintiff cannot bring a separate claim for fraud against Defendant.

17  *White v. Mayflower Transit, LLC*, 543 F.3d 581, 584-85 (9th Cir. 2008).

18        In sum, and erring on the side of caution, the Court will allow Plaintiff an opportunity to

19  amend her complaint to state a proper claim against Defendant, if she is able to do so.

20                                    **CONCLUSION**

21        For the reasons given above, Plaintiff's complaint is DISMISSED WITH LEAVE TO

22  AMEND**.  Plaintiff's first amended complaint is due within thirty (30) days of the date of**

23  **service of this order.  If Plaintiff fails to file a first amended complaint, the Court will**

24  **recommend that this action be dismissed for failure to follow a court order.**

25        Plaintiff is cautioned that an amended complaint supercedes the original complaint, and

26  must be "complete in itself without reference to the prior or superceded pleading."  *See Forsyth*

27

28                                         6

*v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567, citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord Forsyth*, 114 F.3d at 1474.


IT IS SO ORDERED.

**Dated:**   **May 23, 2011**               **/s/ Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE