# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA ISUPOV,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN RELOCATION MOVING SPECIALIST,<br><br>　　　　Defendant. | 1:11-cv-00780 LJO GSA<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS** |

## RELEVANT PROCEDURAL BACKGROUND

On May 13, 2011, Plaintiff Elena Isupov filed a breach of contract complaint with this Court. (Doc. 1.) That same date, Plaintiff filed an Application to Proceed in District Court Without Prepayment of Fees or Costs. (Doc. 2.)

On May 17, 2011, District Judge Lawrence J. O'Neill issued an Order Denying Application to Proceed In Forma Pauperis. Plaintiff was ordered to pay the filing fee of $350.00 no later than June 15, 2011, to avoid dismissal of this action. (*See* Doc. 3.)

Thereafter, on May 23, 2011, the undersigned issued an Order Dismissing Complaint With Leave to Amend. More particularly, Plaintiff's complaint was dismissed for a failure to

1

state a proper claim. Nevertheless, Plaintiff was granted thirty days' leave of court to file an amended complaint, in order to cure the deficiencies identified by the Court. (*See* Doc. 4.) Therefore, an amended complaint was to be filed no later than June 22, 2011.[1]

As of today's date, Plaintiff has failed to file an amended complaint. Additionally, Plaintiff has not paid the filing fee as previously ordered by Judge O'Neill.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831;

---

[1] 5/23/11 + 30 days = 6/22/11.

*Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since May 13, 2011, yet there is no indication that Plaintiff intends to prosecute this action for she has ignored two separate court orders requiring either a response or action on her part. *Henderson v. Duncan*, 779 F.2d at 1424. The third factor, risk of prejudice, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor - public policy favoring disposition of cases on their merits - is greatly outweighed by the factors in favor of dismissal discussed herein. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Finally, a court's warning to a party that a failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. Here, Plaintiff received two such warnings. First, Judge O'Neill's May 17, 2011, order expressly provided that a "[f]ailure to comply with this Order will result in the dismissal of this action." (*See* Doc. 3 at 2.) Second, the undersigned's May 23, 2011, order specifically provided as follows: "**If Plaintiff fails to file a first amended complaint, the Court will recommend that this action be dismissed for a failure to follow a court order**." (*See* Doc. 4 at 6, emphasis in original.) Thus, Plaintiff has had adequate warning that dismissal would result from noncompliance with court orders.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with court orders.

1    These findings and recommendations are submitted to the district judge assigned to this
2 action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local
3 Rule 304.  Within thirty (30) days of service of this recommendation, any party may file written
4 objections to these findings and recommendations with the Court and serve a copy on all parties.
5 Such a document should be captioned "Objections to Magistrate Judge's Findings and
6 Recommendations."  The district judge will review the magistrate judge's findings and
7 recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The
8 parties are advised that failure to file objections within the specified time may waive the right to
9 appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10    IT IS SO ORDERED.

11    **Dated:    June 27, 2011**              **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE